Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000536
16-JUN-2017
08:36 AM

NO. CAAP-15-0000536

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
DUSTIN K. PIHANA, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 13-1-1067)


MEMORANDUM OPINION
(By: Nakamura, Chief Judge, and Ginoza and Chan, JJ.)

Plaintiff-Appellee State of Hawai'i (State) charged Defendant-Appellant Dustin K. Pihana (Pihana) by superseding indictment with five counts of sexual assault. The complaining witness (CW) was thirteen years old and Pihana was twenty-two years old at the time of the alleged offenses. The CW was the cousin of Pihana's girlfriend.

The State charged Pihana with sexually assaulting the CW as follows: (1) first-degree sexual assault by inserting his finger into the CW's anal opening (Count 1); (2) attempted first-degree sexual assault by attempting to insert his finger into the CW's genital opening (Count 2); third-degree sexual assault by placing his hand on the CW's breast (Count 3); third-degree sexual assault by placing his hand on the CW's genitalia (Count

4); and third-degree sexual assault by placing the CW's hand on his penis (Count 5).[1]

The jury found Pihana guilty of Counts 1, 3, 4, and 5.[2] The Circuit Court of the First Circuit (Circuit Court)[3] sentenced Pihana to concurrent terms of twenty years of imprisonment on Count 1 and five years of imprisonment on Counts 3, 4, and 5.

On appeal, Pihana contends that: (1) the charge in Count 1 for first-degree sexual assault was defective because it charged him with subjecting the CW to sexual penetration, instead of charging him with engaging in sexual penetration with the CW; and (2) the Circuit Court's jury instructions on Count 1 were erroneous for the same reason. We affirm.

BACKGROUND

I.

The alleged sexual assaults occurred while the CW, who lived on a neighbor island, was visiting her cousin (Cousin) on Oahu. Cousin was Pihana's girlfriend and lived with Pihana.

The CW had caught the flu, so Cousin wanted to keep an eye on her. The CW went to sleep in the same bed as Pihana and Cousin in their bedroom. Pihana slept between Cousin and the CW. The CW was not worried about sleeping with Pihana and Cousin because she viewed Pihana as a fatherly figure and he had always been nice to her.

The next morning, Cousin woke up early to go exercise in the unit upstairs. The CW heard Cousin tell Pihana to move over so that the CW would "have more space." The CW knew that Pihana was awake because she heard him talking to Cousin.

The CW testified that after Cousin left the unit and the CW heard the door close, Pihana whispered the CW's first name

---

[1] Each count alleged that the CW was "less than fourteen years old" at the time of the charged offense.

[2] After the State rested its case-in-chief, the trial court granted Pihana's motion for judgment of acquittal as to Count 2.

[3] The Honorable Glenn J. Kim presided.

2

into her ear and said "come, let's cuddle." Pihana wrapped his arms around the CW and began touching her breast and kissing her back. Pihana put his leg on top of the CW's legs and kept rubbing her breast underneath her shirt with his hands. Pihana then put his hand inside the CW's pants and started to rub the inner part of her vagina. Pihana touched the CW's "butt" and inserted his finger inside her anus, and "[i]t hurt." Pihana tried to put his finger inside the CW's vagina, but the CW was struggling and kicking to prevent him from doing so "because it was sore." The CW was "moving around" and "tried to fight [her] way so that it wouldn't go inside." Pihana grabbed the CW's hand and made her put it on his penis over his jeans. Pihana's penis "was hard[.]"

Eventually, Pihana took his legs off of the CW's legs, and the CW was able to get up. The CW went into the bathroom, then ran out of the unit and reported the incident to Cousin and other family members, who were in the upstairs unit. The CW, who was shaking and crying uncontrollably, told Cousin that "[Pihana] violated me."

Dr. David Paperny, who examined the CW, testified that the CW had abrasions or scratches in the anal area and the genital area that were consistent with her explanation of what had happened to her.

II.

Cousin was called as a witness for the defense. Cousin testified that she was twenty years old and had been Pihana's girlfriend for about a year at the time of the incident. Cousin stated that when she slept with Pihana, Pihana would frequently caress her, sometimes penetrating her anus and vagina, but would have his eyes closed and later say he did not remember anything about it, leading Cousin to believe that he was not aware of what he was doing.

Pihana testified that Cousin frequently told him about instances where they had engaged in sexual activity at night that he did not remember. Pihana said he was tired on the night that

3

Cousin asked if it was okay for the CW to sleep with them on their bed. Pihana testified that he had no recollection of touching the CW.

DISCUSSION

On appeal, Pihana only challenges his first-degree sexual assault conviction on Count 1. Pihana contends that the use of the phrase "subjects to" instead of "engages in . . . with" in Count 1 of the superseding indictment and in the description of the material elements for Count 1 in the jury instructions requires that his conviction on Count 1 be vacated. We disagree.

I.

Pihana was charged in Count 1 with first-degree sexual assault, in violation of Hawaii Revised Statutes (HRS) § 707-730(1)(b). To understand Pihana's argument, it is necessary to review the amendment made to HRS § 707-730(1)(b) in 2001. Prior to the 2001 amendment, HRS § 707-730(1)(b) provided, in relevant part:

> (1) A person commits the offense of sexual assault in the first degree if:
>
> . . .
>
> (b) The person knowingly <u>subjects to sexual penetration</u> another person who is less than fourteen years old[.]

(Emphasis added.)

In 2001, HRS § 707-730(1)(b) was amended to replace the phrase "subjects to" with "engages in . . . with" so that after the 2001 amendment, which is the statute's current form, HRS § 707-730(1)(b) provides:

> (1) A person commits the offense of sexual assault in the first degree if:
>
> . . .
>
> (b) The person knowingly <u>engages in sexual penetration with</u> another person who is less than fourteen years old[.]

(Emphasis added.)

4

Although the current, post-2001-amendment version of HRS § 707-730(1)(b) was applicable to the first-degree sexual assault offense charged against Pihana in Count 1, Pihana was charged in the language of the pre-2001-amendment version of the statute. Pihana was charged in Count 1, in relevant part, as follows:

> On or about the 27th day of December, 2012, in the City and County of Honolulu, State of Hawaii, DUSTIN K. PIHANA, also known as Kela, did knowingly subject to sexual penetration, [the CW], who was less than fourteen years old, by inserting his finger into her anal opening, thereby committing the offense of Sexual Assault in the First Degree, in violation of Section 707-730(1)(b) of the Hawaii Revised Statutes.

(Emphasis added.)

Consistent with the language of Count 1, the material elements portion of the jury instructions on Count 1 used the phrase "subjected [the CW] to." By agreement of the parties, the jury was instructed on Count 1 as follows:

> In Count 1 of the indictment, the defendant, Dustin K. Pihana, also known as Kela, is charged with the offense of sexual assault in the first degree.
>
> A person commits the offense of sexual assault in the first degree if he knowingly engages in sexual penetration with a minor who is less than 14 years old.
>
> There are two material elements of the offense of sexual assault in the first degree, each of which the prosecution must prove beyond a reasonable doubt.
>
> These two elements are:
>
> 1. That on or about the 27th day of December, 2012, in the City and County of Honolulu, State of Hawai'i, the defendant knowingly subjected [the CW] to sexual penetration by inserting his finger into her anal opening; and
>
> 2. That at that time, [the CW] was less than 14 years old.

(Emphasis added.)

## II.

Pihana argues that because Count 1 charged him in the language of the pre-2001-amendment version of HRS § 707-730(1)(b), rather than the language of the current version of HRS § 707-730(1)(b) applicable to his alleged offense, the State did

not charge him with a "cognizable" offense. In other words, he contends that because Count 1 alleges that "he did knowingly subject [the CW] to sexual penetration," instead of alleging that "he did knowingly engage in sexual penetration with the CW," the State failed to charge him with a cognizable crime. Pihana therefore asserts that the Circuit Court did not have jurisdiction to hear or determine the charge set forth in Count 1. He also asserts that Count 1 was defective for omitting the essential element that he "engaged in" sexual penetration with the CW. We conclude that Pihana's arguments are without merit.

In the context of this case -- a defendant's alleged first-degree sexual assault of a minor under fourteen years old incapable of providing valid consent -- there is no material difference between the allegation that Pihana subjected the CW to sexual penetration and the allegation that Pihana engaged in sexual penetration with the CW. As a minor under fourteen years old, the CW was incapable of validly consenting to sexual penetration by Pihana. See State v. Cardus, 86 Hawai'i 426, 436, 949 P.2d 1047, 1057 (App. 1997) (concluding that consent by a person under fourteen years old is ineffective and not a defense to a charge of sexual penetration); HRS § 702-235(2) (2014) ("[C]onsent does not constitute a defense if . . . [i]t is given by a person who by reason of youth . . . is manifestly unable . . . to make a reasonable judgment as to the nature or harmfulness of the conduct alleged[.]") Because the CW could not validly consent to sexual penetration, Pihana's act of engaging in sexual penetration with the CW would necessarily constitute subjecting the CW to sexual penetration.[4]

---

[4] We note that in construing sexual assault provisions where the victim is incapable of validly consenting, this court has rejected a narrow reading of the phrase "subject to" that would require the use of force and exclude voluntary participation. Instead, we broadly construed the phrase "subject to" as including "'to expose to something: [i.e.:] subject to infection; to cause to experience something;' American Heritage College Dictionary 1352 (3d ed. 1993), and 'to lay open or expose to the incidence, occurrence, or infliction of, render liable to, something[;] to lay open, expose (physically)[,]' Oxford English Dictionary Vol. XVII 31 (2d ed. 1989)." Cardus, 86 Hawai'i at 437, 949 P.2d at 1058 (brackets in original).

Moreover, if anything, the phrase "did knowingly subject to sexual penetration" is more restrictive than and describes conduct fully encompassed by the phrase "did knowingly engage in sexual penetration with." Therefore, by alleging in Count 1 that Pihana "did knowingly subject [the CW] to sexual penetration," the State alleged conduct that clearly fell within the conduct prohibited by the applicable version of HRS § 707-730(1)(b), which prohibits "knowingly engag[ing] in sexual penetration with another person who is less than fourteen years old[.]" Accordingly, we conclude that Count 1 charged Pihana with a cognizable offense, did not omit an essential element, and provided Pihana with fair notice of the accusation against him. We reject Pihana's claims that the Circuit Court lacked jurisdiction to hear or determine Count 1 and that the charge in Count 1 was defective for omitting an essential element.[5]

III.

Pihana contends that the jury instruction on the material elements for Count 1 was defective because it used the phrase "subjected . . . to" rather than "engaged in . . . with." Consistent with the language of Count 1, the jury was instructed that it had to find beyond a reasonable doubt that "[Pihana] knowingly subjected [the CW] to sexual penetration by inserting his finger into her anal opening."

We reject Pihana's argument regarding the Count 1 jury instruction for the same reasons we rejected his argument regarding the charge in Count 1. As previously noted, in the context of this case, there is no material difference between a finding that Pihana subjected the CW to sexual penetration and a

_____

[5] Of course, we do not encourage or condone the practice of charging a defendant based on the language of an outdated statute. The State's charging in the language of the pre-2001-amendment version of HRS § 707-730(1)(b) created issues in this case that could have been avoided if the State had charged in the language of the current version of HRS § 707-730(1)(b), the version of the statute applicable to Pihana's alleged offense. However, as we have explained, under the circumstances of this case, the State's use of the language of the outdated statute in charging Pihana with first-degree sexual assault did not render the charge defective.

7

finding that Pihana engaged in sexual penetration with the CW. Thus, the instruction on Count 1 adequately instructed the jury on the requirements for conviction and was not "'prejudicially insufficient, erroneous, inconsistent, or misleading.'" State v. Metcalfe, 129 Hawai'i 206, 230, 297 P.3d 1062, 1086 (2013) (citation omitted) ("[T]he trial court is not required to instruct the jury in the exact words of the applicable statute but to present the jury with an understandable instruction that aids the jury in applying that law to the facts of the case." (internal quotation marks and citation omitted)).

Furthermore, if anything, establishing that "[Pihana] knowingly subjected [the CW] to sexual penetration" applies to more limited circumstances and is more difficult for the State to prove than establishing that "Pihana knowingly engaged in sexual penetration with the CW." Since the act of engaging in sexual penetration is arguably broader and would encompass the act of subjecting someone to sexual penetration, requiring the jury to find that "[Pihana] knowingly subjected [the CW] to sexual penetration" served to benefit Pihana. The law is clear that a criminal defendant cannot complain of an instruction, even if erroneous, that benefitted the defendant. State v. Nupeiset, 90 Hawai'i 175, 185, 977 P.2d 183, 193 (App. 1999).

CONCLUSION

Based on the foregoing, we affirm the Circuit Court's Judgment.

DATED: Honolulu, Hawai'i, June 16, 2017.

On the briefs:

Scott Stuart Brower
for Defendant-Appellant

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

_Craig H. Nakamura_

Chief Judge

_Lisa M. Ginoza_

Associate Judge

_Derrick H.M. Chan_

Associate Judge

8